UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DUSTIN MICHAEL WILSON                                               PLAINTIFF

v.                                             CIVIL ACTION NO. 1:15-CV-P146-GNS

DEPUTY DEE *et al.*                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007), and upon a motion to correct the complaint (DN 7).  For the reasons set forth below, Plaintiff's motion to correct the complaint will be granted, but the action will be dismissed.

### I. MOTION TO CORRECT COMPLAINT

Plaintiff filed his initial complaint on November 20, 2015.  On December 14, 2015, he filed a motion to correct the complaint and refiled pages two and three of the complaint.  On the refiled pages, Plaintiff clarifies that the individual Defendants in this action are Dee Albertson, the "deputy of courts" at the Adair County (Kentucky) Courthouse, and Jailer Jerry White of the Adair County Jail.  The Court construes this as a motion for leave to amend the complaint and will grant it.

### II. INITIAL SCREENING

#### A.  SUMMARY OF COMPLAINT

In the caption of his original complaint, Plaintiff indicates that the Defendants in this action are Adair County Sheriff's Department Deputy Officer Dee and "office/county."  As set

forth above, Plaintiff has clarified that the individual Defendants in this action are Deputy Dee Albertson and Jailer Jerry White.  Based upon the caption, the Court also construes Plaintiff's complaint to include Adair County as a Defendant as well.

In his complaint, Plaintiff alleges that on April 19th or 20th, 2015, he was "exiting and loading to be transported back to the Adair Co. Jail" by Defendant Albertson.  He states that as he was attempting to get into the van, his foot slipped and as a result he struck his head against the door and his body against the ground.  He further states that, as a result of this incident, he has continued to have pain from the top of his head to his eye and down his neck and back.  He then alleges that "all of this could have been prevented if there would have been a step on the van and [Defendant Albertson] would had help me in the van instead of goofing off with [another inmate]."  He continues: "There for my rights of being safe I feel he neglected!  Now I'm permanently injured, lock up, and can't seek proper helth care . . . ."  Plaintiff also alleges that he has phone records which show that Defendant Albertson called his mother on four occasions which Plaintiff believes were attempts to scare and intimidate Plaintiff into not suing him or Adair County.  He also reports that Defendant Albertson gave him tobacco dip to bribe him into not filing a lawsuit.

As relief, Plaintiff states that he is seeking $ 250,000 in monetary and punitive damages and that he would like to be released or put on probation or parole so that he can seek proper health care.  Plaintiff also asks that Defendants be required to pay "any and all future and past hospital and healthcare bills."

## B.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### C. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a § 1983 claim will not lie. *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Slip and Fall Claim

Plaintiff first alleges that he fell as he got into a van both because Defendant Albertson failed to help him in and because the van did not have a step. A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety;

4

the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has failed to allege facts sufficient to state such Eighth Amendment claim under this standard. His allegations regarding the lack of a van step and Defendant Albertson's failure to help him get into the van do not show that Plaintiff was exposed to a substantial or excessive risk of serious harm. Plaintiff's complaint is analogous to other actions where prisoners have brought § 1983 claims alleging that they have fallen as the result of a ripped shower mat, slippery prison floors, or icy walkways. Federal courts have consistently held that these conditions do not give rise to a constitutional violation. *See, e.g.*, *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); *Smith v. Leonard*, 242 F. App'x 139, 140 (5th Cir. 2007) (affirming dismissal of prisoner's § 1983 claim alleging that county sheriff was liable for slip and fall injury for failure to place mat in shower exit); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (ruling that plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (wet floors do not pose a substantial risk of serious harm); *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment"); *Chamberlain v. Nielsen*, 2010 U.S. Dist. LEXIS 25455, at *3-7 (E.D. Mich. Mar. 18, 2010) (ruling the plaintiff failed to state an Eighth Amendment claim where he alleged he fell due to a ripped shower mat); *Brown v. Lafler*, No. 07-14955, 2008 U.S. Dist. LEXIS 94949, at *2 (E.D. Mich. Nov. 13, 2008) (adopting magistrate judge's report finding that prisoner's

5

complaint of injury arising from failure to clear icy prison walkway did not state an Eighth

Amendment claim).  As explained by another court, "[s]imply put, a slip and fall, without more,

does not amount to cruel and unusual punishment . . . .  Remedy for this type of injury, if any,

must be sought in state court under traditional state tort law principles."  *Reynolds*, 370 F.3d at

1031 (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).

     **2.  Threat, Intimidation, and Bribery Claims**

     Plaintiff also alleges that Defendant Albertson made four phone calls to his mother and

that he believes Defendant Albertson made the calls to his mother to intimidate him so that he

would not file a lawsuit against him.  At least one court has analyzed threats made by a prison

official against an inmate who was preparing to file a complaint in the context of a retaliation

claim under the First Amendment.  *See Barhite v. Brown*, No. 1:14-cv-218, 2014 U.S. Dist.

LEXIS 86871, at *62-64 (W.D. Mich. June 26, 2014).  In its analysis, the *Barhite* court

recognized that the Sixth Circuit has held that a specific threat of harm may satisfy the adverse-

action requirement of a retaliation claim if it would deter a person of ordinary firmness from

exercising his or her First Amendment rights, such as a prisoner's right of access to the courts.

*Id*. at *63-64 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 396-398 (6th Cir. 1999) (threat of

physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat of change to drug

test results)).  However, even if such an analysis were appropriate here, the Sixth Circuit has also

held that certain threats or deprivations are so *de minimis* that that they do not rise to the level of

being constitutional violations.  *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.  Here,

the court finds that Defendant Albertson has failed to state a claim with regard to the alleged

phone calls to his mother because he has not alleged what Defendant Albertson even said to her

and, thus, has made no allegation that Defendant Albertson actually threatened or intimidated anyone, especially in relation to Plaintiff's potential filing of a lawsuit.

Plaintiff also alleges that Defendant Albertson gave him tobacco dip and that he believes that this was an attempt to prevent Plaintiff from filing a lawsuit against Defendant Albertson regarding his fall.  Some courts have also considered whether unsuccessful bribe attempts could constitute adverse actions for purposes of a First Amendment retaliation claim.  *See, e.g.*, *Watts v. Ruggiero*, No. 2:13-cv-1749 TLN AC P, 2016 U.S. Dist. LEXIS 31907, at *69 (E.D. Cal. Mar. 9, 2016); *Martinez v. Hoover*, CIV S-09-0680-KJM-CMK-P, 2011 U.S. Dist. LEXIS 99909 (E.D. Cal. Sept. 2, 2011).  Here, the Court finds that it need not engage in such an analysis because Plaintiff has failed to make any factual allegations which support his conclusory statement that Defendant Albertson offered him tobacco dip to prevent him from filing a lawsuit.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to correct the complaint (DN 7) is **GRANTED**.  However, Plaintiff's claims against all Defendants will be dismissed by separate order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date:  March 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Adair County Attorney
4416.011

7